UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Lawrence L. Crawford, *also known as Jonah Gabriel Jahjah T. Tishbite*; Mrs. Phyllis Yahdina Overstreet-U-Deen; Alton Chisolm; Maurice L. Bellamy, | ) ) ) ) | C/A No. 9:24-cv-04660-BHH |
| | ) | |
| Plaintiffs, | ) | **ORDER** |
| | ) | |
| v. | ) | |
| | ) | |
| S.C. Attorney General, The State of South Carolina, The S.C. Dept of Corrections, The S.C.D.C. General Counsel, Bryan Stirling, The S.C.D.C. Director of Medical, Warden James, A.W. Smith, A.W. McDuffy, Major Meeks, Sgt. Crowley, Nurse Miller, Warden Stonebreaker, The United States Congress, The Catholic Arch Diocese and The Pope, Mr. Lawrenz, The Well Path Center, The 194 Member States of the United Nations, The County of Richland SC, The County of Kershaw, The County of Horry, Adair F. Buroughs, The United States Senate, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This is a civil rights action purportedly filed by Plaintiffs Lawrence L. Crawford (Crawford), Alton Chisolm (Chisolm), Maurice L. Bellamy (Bellamy), and Ms. Phyllis Yahdina Overstreet-U-Deen (Overstreet-U-Deen). Plaintiffs Crawford and Bellamy are inmates at the Evans Correctional Institution of the South Carolina Department of Corrections. Chisolm, who did not sign the Complaint, appears to be detained involuntarily at a state facility in Columbia, South Carolina. *See* ECF No. 1 at 2. Plaintiff Overstreet-U-Deen does not appear to be a prisoner, and Crawford refers to her as a family member. *Id.* at 13. All Plaintiffs are proceeding pro se.

**PLAINTIFF CRAWFORD'S MOTION TO STAY AND TO TRANSFER:**

Plaintiff Crawford filed a motion in which he appears to be asking that this case be stayed and transferred pursuant to 28 U.S.C. § 1404(a). However, only Plaintiff Crawford has signed the motion. Moreover, the motion appears to be premature as this case is not in proper form. *See* General Orders issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007) and *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007). Plaintiff Crawford's Motion to Stay and to Transfer (ECF No. 11) is **DENIED** without prejudice.

**ORDER TO SEPARATE CASES:**

It may be that Plaintiff Crawford is attempting to bring this case on behalf of the other Plaintiffs, including Plaintiff Chisolm who did not sign the Complaint. However, a pro se plaintiff cannot litigate the legal rights of others or bring a class action lawsuit. *See Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975) ("[T]he competence of a layman representing himself [is] clearly too limited to allow him to risk the rights of others."); *see also Hummer v. Dalton*, 657 F.2d 621, 625–26 (4th Cir. 1981) (a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"); *Harrison v. Leviner*, No. 9:23-cv-1116-RMG-MHC, 2023 WL 4601020, at *1 (D.S.C. July 17, 2023) (separating the claims of two prisoners for initial review).

While the Fourth Circuit has not ruled on the issue of whether multiple prisoner plaintiffs are allowed to join under Rule 20 of the Federal Rules of Civil Procedure, or the issue of fee payment in a case filed by multiple prisoners, the Eleventh Circuit Court of Appeals addressed these issues in *Hubbard v. Haley*, 262 F.3d 1194, 1198 (11th Cir. 2001), and found that prisoners may not join in one action. The *Hubbard* court reasoned that, because the plain language of the

Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996), requires each prisoner proceeding *in forma pauperis* to pay the full filing fee, it was appropriate to sever the claims and require each prisoner to file a separate lawsuit. *Hubbard*, 262 F.3d at 1198. Even in light of more flexible holdings in other circuits regarding permissive joinder of multiple prisoner plaintiffs, *see Hagan v. Rogers*, 570 F.3d 146, 157 (3rd Cir. 2009); *Boriboune v. Berge*, 391 F.3d 852, 855 (7th Cir. 2004*)*; *In re Prison Litigation Reform Act*, 105 F.3d 1131, 1137–38 (6th Cir. 1997), courts in this district have found the analysis in *Hubbard* persuasive and have declined to permit prisoner plaintiffs to join in one civil action. *See, e.g., Griffin v. Nettles*, No. 4:18-cv-02469, 2018 WL 4701293, at *1–2 (D.S.C. Sept. 28, 2018) (separating claims of two plaintiffs for initial review); *Williams v. Jones*, No. 9:14-787-RMG-BM, 2014 WL 2155251, at *10 (D.S.C. May 22, 2014) (adopting report and recommendation collecting cases which find *Hubbard* persuasive); *McFadden v. Fuller*, No. 2:13-2290-JMC, 2013 WL 6182365, at *2 (D.S.C. Nov. 22, 2013) (agreeing with the magistrate judge's conclusion that multiple prisoner plaintiffs "should not be allowed to proceed under one joint action"); *see also Carroll v. United States*, No. 5:14-2167-JMC, 2015 WL 854927, at *9–10 (D.S.C. Feb. 27, 2015) (denying joinder of seventy *pro se* prisoners as co-plaintiffs and noting that the "court has discretion to disallow joinder when it is infeasible or prejudicial").

In addition to the requirement that "indigent prisoners filing lawsuits be held responsible for the full amount of filing fees," *Torres v. O'Quinn*, 612 F.3d 237, 241 (4th Cir. 2010), *abrogated on other grounds by Bruce v. Samuels*, 577 U.S. 82 (2016), the PLRA also requires each prisoner to exhaust his administrative remedies prior to filing a civil lawsuit. *See* 42 U.S.C. § 1997e(a); *see also Woodford v. Ngo*, 548 U.S 81, 85 (2006); *Porter v. Nussle*, 534 U.S. 516, 524 (2002). "Just as payment of one fee does not cover multiple plaintiffs under the PLRA, exhaustion of

3

administrative remedies by one prisoner does not meet the exhaustion requirement for all of the [p]laintiffs." *Williams v. Jones*, 2014 WL 2155251, at \*11. Moreover, as noted above, it does not appear that Plaintiff Overstreet-U-Deen is a prisoner such that it her claims may not be subject to the PLRA. Thus, each Plaintiff's claims "will require individualized determinations." *Id.*; *see also McFadden*, 2013 WL 6182365, at \*1 (noting that "each [p]laintiff would need to meet the exhaustion requirement of the PLRA and might be entitled to differing amounts of damages").

Assuming arguendo that the PLRA does not prohibit multiple prisoners and a non-prisoner from bringing one action, this Court still finds that joinder of the four Plaintiffs' claims in one action is improper. The majority of Complaint contains allegations asserted by Plaintiff Crawford, who appears to have authored the Complaint.[1] Additionally, Plaintiff Crawford may also be improperly attempting to assert habeas claims concerning his criminal conviction as part of this Complaint brought under § 1983. *See* ECF No. 1-1 at 57. Each Plaintiff's claim is unique to that Plaintiff, and each claim will require an individualized determination, including possible inquiry into personal information. Moreover, Plaintiff Chisolm appears to be detained at a different facility than Plaintiffs Crawford and Bellamy, and Plaintiff Overstreet-U-Deen appears to live in Illinois.

**Accordingly, the Court concludes that the claims of the four Plaintiffs in the instant action should be separated for initial review.**

---

[1] Plaintiff Crawford may be attempting to allege claims on behalf of the other Plaintiffs, which Plaintiff Crawford, as a non-lawyer, may not do. *See Laird v. Tatum*, 408 U.S. 1 (1972); *see also Valley Forge Christian Coll. v. Americans United for Separation of Church & State*, 454 U.S. 464, 482 (1982); *Flast v. Cohen*, 392 U.S. 83, 99 (1968) (a district court, when determining whether a plaintiff has standing to sue, must focus on the status of the party who has filed the complaint, such that the merits of the case are irrelevant); *Lake Carriers Ass'n v. MacMullan*, 406 U.S. 498, 506 (1972); *Hummer v. Dalton*, 657 F.2d 621, 625-626 (4th Cir. 1981) (a prisoner's suit is "confined to redress for violation of his own personal rights and not one by him as a knight-errant for all prisoners"). *Cf. Oxendine v. Williams*, 509 F.2d at 1407 (a pro se prisoner cannot be an advocate for others in a class action).

**TO THE CLERK OF COURT:**

The above-captioned case shall pertain only to the first named Plaintiff (Crawford). Therefore, the Clerk of Court is directed to terminate Overstreet-U-Deen, Chisolm, and Bellamy as plaintiffs in the above-referenced case. The Clerk of Court is further directed to assign a separate civil action numbers for each of Plaintiffs Overstreet-U-Deen, Chisolm, and Bellamy. The Clerk of Court shall file this Order as the initial docket entry in each of the newly-created cases and shall refile the Complaint, ECF No. 1, in the newly-created actions. The Defendants in the newly-created cases will be the same Defendants listed in the above-captioned case. The Clerk of Court is authorized to determine the most efficient manner and time for assigning and entering the new case number, party information, and pleading information on the court's electronic case management system. After each of the new cases are docketed, the assigned Magistrate Judge is authorized to issue orders pursuant to the General Orders issued in *In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007) and *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*, No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007), and to conduct initial reviews in compliance with 28 U.S.C. § 1915 and 28 U.S.C. § 1915A.

**IT IS SO ORDERED.**

s/Bruce H. Hendricks
United States District Judge

March 10, 2025
Charleston, South Carolina

5