IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lawrence L. Crawford, *also known as*
*Jonah Gabriel Jahjah T. Tishbite*,     )
                                         )
                    Plaintiff,           )
                                         )          Civil Action No. 9:24-4660-BHH
v.                                       )
                                         )
S.C. Attorney General, The State of      )          **ORDER**
South Carolina, The S.C. Dept. of        )
Corrections, The S.C.D.C. General        )
Counsel, Bryan Stirling, The S.C.D.C.    )
Director of Medical, Warden James,       )
A. W. Smith, A. W. McDuffy, Major        )
Meeks, Sgt. Crowley,Nurse Miller,        )
Warden Stonebreaker, The United          )
States Congress, The Catholic Arch       )
Diocese and The Pope, Mr. Lawrenz,       )
The Well Path Center, The 194 Member )
States of the United Nations, The        )
County of Richland SC, The County of     )
Kershaw, The County of Horry, Adair F. )
Buroughs, The United States Senate,      )
                                         )
                    Defendants.          )
_____ )

        This is a civil rights action originally filed by Plaintiff Lawrence L. Crawford, also

known as Jonah Gabriel Jahjah T. Tishbite ("Plaintiff" or "Crawford"), a state prisoner

proceeding *pro se*, along with three other plaintiffs (Alton Chisolm, Maurice Bellamy, and

Ms. Phyllis Yahdina Overstreet-U-Deen.  (ECF No. 1.)  On March 10, 2025, the

undersigned issued an order finding that the joinder of the four named Plaintiffs in one

action was improper as each Plaintiff's claim is unique to each Plaintiff and will require

individualized determinations.  (ECF No. 12 at 4.)  Accordingly, the Court ordered that the

claims of the four Plaintiffs be separated for initial review and directed the Clerk to create

new actions for each Plaintiff.

Following entry of the Court's order on March 10, 2025, a United States Magistrate Judge issued a proper form order in each of the actions, directing that the cases be brought into proper form by April 9, 2025.  (ECF No. 15.)  Crawford requested additional time to respond to the proper form order, which Magistrate Judge Cherry granted, instructing him to bring his case into proper form on or before May 13, 2025.  (ECF No. 20.)

On May 5, 2025, however, Plaintiff filed a 24-page document, which was docketed separately in this action as a motion to vacate or for reconsideration of the Court's order separating this action into four separate actions (ECF No. 22), a motion to recuse the undersigned (ECF No. 23), a motion for extension of time, motion to consolidate cases, motion for complex case designation, motion to appoint Magistrate Judge, motion to recuse Magistrate Judge Cherry (ECF No. 25), and a motion to intervene, motion to consolidate cases, motion for complex case designation (ECF No. 26).  On May 8, 2025, Plaintiff Crawford also filed a motion for preliminary injunction.  (ECF No. 27.)  On May 28, 2025, Plaintiff filed a "motion for appeal certification and or certificate of appealability, motion to renew the motion to intervene in this appeal, motion to stay case pending the appeal, motion to renew for preliminary injunction, motion for recusal and for remand, and motion to motion therefor."  (ECF No. 28.)  Crawford's appeal was docketed at the Fourth Circuit, following which, Plaintiff filed a "motion to intervene; petition to remove; petition for periodic review hearing regarding Alton Chisolm pursuant to S.C. Code Ann § 44-48-110(c)."  (ECF No. 33.)

After review of the various motions filed by Plaintiff, the Court finds that he is not entitled to the relief he seeks.  First, as to his motion to reconsider the Court's order

separating this action into four separate actions, the Court finds no basis to alter or amend its prior ruling and instead reiterates that, *even if* the PLRA permits multiple prisoners and a non-prisoner to bring a single action, joinder of the four Plaintiffs' claims in this action is nevertheless improper because each Plaintiff's claim is unique to that Plaintiff and will require an individualized determination.  Likewise, the Court finds no merit to Plaintiff's request to consolidate the four actions.

Next, as to Plaintiff's motion to recuse, the Court notes that under 28 U.S.C. § 455, a judge must recuse herself where the judge's impartiality "might reasonably be questioned," or where the judge has "a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding." 28 U.S.C. § 455(a) and (b)(1).  In the Fourth Circuit, this standard is analyzed objectively by considering whether a person with knowledge of the relevant facts and circumstances might reasonably question the judge's impartiality.  *See United States v. Cherry*,1 330 F.3d 658, 665 (4th Cir. 2003).  As the Fourth Circuit has held, however, adverse "judicial rulings alone almost never constitute a valid basis for a bias or partiality motion."  *McClain v. Warden, Turbeville Corr. Inst.*, 805 F. App'x 221, 222 (4th Cir. 2020); *Liteky v. United States*, 510 U.S. 540, 555 (1994)).  Here, Plaintiff's request for recusal appears to be based on the undersigned's rulings in this case, but the Court finds no occasion to recuse herself because Plaintiff has failed to show "any extrajudicial source for alleged bias," *McClain*, 805 F. App'x at 222, other than adverse judicial rulings.

With respect to Plaintiff's motion for a preliminary injunction, the Court finds that Plaintiff has not made a clear showing of any of the necessary factors.  *See Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (holding that to obtain a

preliminary injunction, the moving party must demonstrate: 1) he is likely to succeed on the merits, 2) he will suffer irreparable harm if the preliminary injunction is not granted, 3) the balance of equities favors him, and 4) the injunction is in the public interest); *see also League of Women Voters of N.C. v. North Carolina*, 769 F.3d 224, 236 (4th Cir. 2014).

As to the remaining issues raised in Plaintiff's various motions, the Court finds no basis to grant any of the relief Plaintiff requests other than to stay this matter pending the Fourth Circuit's consideration of his appeal. **Accordingly, the Court hereby denies Plaintiff's motions (ECF Nos. 22, 23, 25, 26, 27, 28, and 33), and the Court stays this matter pending the Fourth Circuit's consideration of his appeal.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 22, 2025
Charleston, South Carolina

4