IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Lawrence L. Crawford, *also known as Jonah Gabriel T. Tishbite*,

Plaintiff,

v.

S.C. Attorney General, The State of South Carolina, The S.C. Dept. of Corrections, The S.C.D.C. General Counsel, Bryan Stirling, The S.C.D.C. Director of Medical, Warden James, A. W. Smith, A. W. McDuffy, Major Meeks, Sgt. Crowley, Nurse Miller, Warden Stonebreaker, The United States Congress, The Catholic Arch Diocese and The Pope, Mr. Lawrenz, The Well Path Center, The 194 Member States of the United Nations, The County of Richland SC, the County of Kershaw, The County of Horry, Adair F. Buroughs, The United States Senate,

Defendants.

Civil Action No. 9:24-cv-4660-BHH

**ORDER**

Plaintiff Lawrence L. Crawford ("Crawford"), proceeding *pro se*, filed this action along with three other plaintiffs. On March 10, 2025, however, the Court issued an order (ECF No. 12) directing the Clerk of Court to terminate the three other plaintiffs from this action and to assign separate case numbers to the other plaintiffs, leaving Crawford as the only Plaintiff in this case.

Plaintiff filed a notice appealing the Court's actions on May 28, 2025, and this case was stayed pending appeal until the Fourth Circuit issued a mandate dismissing the appeal on July 24, 2026. (ECF Nos. 29, 36, 56.)

Following the Fourth Circuit's remand, on July 29, 2026, Magistrate Judge issued a report and recommendation ("Report") analyzing two motions that were filed by Plaintiff on August 6, 2025, and one motion that was filed on September 2, 2025. (*See* ECF No. 59 (analyzing ECF Nos. 41, 42, and 46).) In the Report, the Magistrate Judge ultimately found no merit to Plaintiff's motions and recommended that the Court deny them. (ECF No. 59.) Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right to file written objections to the Report within fourteen days of being served with a copy. To date, no objections have been filed.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

Here, because no objections to the Report have been filed, the Court has reviewed the record and the findings of the Magistrate Judge for clear error. Indeed, after review, the Court finds no clear error and fully agrees with the Magistrate Judge's analysis.

**Accordingly, the Court adopts and incorporates the Magistrate Judge's Report (ECF No. 59), and the Court DENIES Plaintiff's motions requesting various relief (ECF Nos. 41, 42, and 46).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

August 18, 2026
Charleston, South Carolina