UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

Lawrence L. Crawford, *also known as Jonah Gabriel Jahjah T. Tishbite*,

Plaintiff,

v.

S.C. Attorney General,
The State of South Carolina,
The S.C. Dept of Corrections,
The S.C.D.C. General Counsel,
Bryan Stirling,
The S.C.D.C. Director of Medical,
Warden James, A.W. Smith, A.W. McDuffy,
Major Meeks, Sgt. Crowley, Nurse Miller,
Warden Stonebreaker,
The United States Congress,
The Catholic Arch Diocese and The Pope,
Mr. Lawrenz, The Well Path Center,
The 194 Member States of the United Nations, The County of Richland SC,
The County of Kershaw, The County of Horry, Adair F. Buroughs, The United States Senate,

Defendants.

C/A No. 9:24-cv-04660-BHH-MHC

**ORDER**

This is a civil action filed by Plaintiff Lawrence L. Crawford, also known as Jonah Gabriel Jahjah T. Tishbite, a state prisoner proceeding pro se. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

This case was originally filed by Plaintiff and three other plaintiffs. On March 10, 2025, the Court issued an Order (ECF No. 12) directing the Clerk of Court to terminate the other plaintiffs in this case, and to assign separate civil action numbers to the other plaintiffs.[1]

Plaintiff filed a notice of appeal on May 28, 2025. ECF No. 29. The case was stayed pending the Fourth Circuit's consideration of his appeal. ECF No. 36. On July 24, 2026, the Fourth Circuit Court of Appeals issued a mandate dismissing Plaintiff's appeal. ECF No. 56.

[1] Thus, Plaintiff Crawford is the sole plaintiff in this case.

**EXTENSION OF TIME FOR PLAINTIFF TO BRING CASE INTO PROPER FORM:**

In a Proper Form Order dated March 19, 2025, Plaintiff was directed to bring his case into proper form by providing the documents listed in the Proper Form Order. ECF No. 15. The time for him to bring his case into proper form was extended until May 13, 2025. ECF No. 20. Plaintiff failed to provide the necessary documents to bring his case into proper form within the extended time provided. On July 29, 2026, a Second Proper Form Order was issued, directing Plaintiff to bring his case into proper form within twenty-one days.[2] ECF No. 57. The deadline (including three additional days for mailing) for Plaintiff to bring his case into proper form was August 24, 2026. Plaintiff failed to bring his case into proper form within the time provided.[3]

On August 28, 2026, Plaintiff filed a motion to stay the compliance orders.[4] ECF No. 64. On September 4, 2026, Plaintiff filed a motion (ECF No. 65) asking the District Judge to reconsider a ruling entered August 18, 2026 (ECF No. 61). In a text order entered September 8, 2026, the District Judge denied the motion to stay (ECF No. 64) and the motion for reconsideration (ECF No. 65). ECF No. 67. On September 18, 2026, Plaintiff filed a notice and a signed copy of one of his earlier filings (46-1). ECF No. 69.

As noted above, the District Judge denied Plaintiff's motions to stay and for reconsideration on September 8, 2026. *See* ECF No. 67. Because these motions have now been denied, the time for Plaintiff to bring his case into proper form will be extended until October 9, 2026.

**Plaintiff shall bring his case into proper form (*see* ECF Nos. 15 and 57; *see also In Re: Procedures in Civil Actions Filed by Prisoner Pro Se Litigants*, No. 3:07-mc-5014-JFA (D.S.C. Sept. 18, 2007)) on or before October 9, 2026.** No further extensions of time will be granted absent extenuating circumstances. **Plaintiff is again warned that if he does not bring this case**

---

[2] The items necessary for Plaintiff to bring his case into proper form include a signed and completed Complaint Form listing only Plaintiff's own claims, payment of the filing fee or submission of a completed and signed Form AO-240 if Plaintiff believes he is indigent, a completed summons form listing the names and addresses for service of all named Defendants, and a completed and a signed Form USM-285 for each Defendant. Blank forms were mailed to Plaintiff with the Proper Form Order, and he was warned that this case might be dismissed under Rule 41(b) if he did not provide the necessary items. Blank forms were again mailed to Plaintiff with the Second Proper Form Order, and he was again warned that his case might be dismissed pursuant to Rule 41(b) if he failed to provide the necessary proper form items.

[3] Even if the cases had not been separated, it is noted that the original case (filed by the four plaintiffs) was not in proper form at the time it was filed (or thereafter) because the plaintiffs did not pay the filing fee or submit completed and signed Forms AO-240, they did not provide completed summons forms, and they did not provide completed and signed Forms USM-285 for each named defendant.

[4] Plaintiff appears to refer to the Proper Form Orders as compliance orders.

**into proper form within the time permitted by this Order, this case may be dismissed for failure to prosecute and failure to comply with an order of this court under Rule 41 of the Federal Rules of Civil Procedure.**

**IT IS SO ORDERED.**

Molly H. Cherry
United States Magistrate Judge

September 25, 2026
Charleston, South Carolina