IN THE UNITED STATES DISTRICT COURT
IN THE DISTRICT OF SOUTH CAROLINA
IN THE BEAUFORT DIVISION

| | |
|---|---|
| YAHDINA OVERSTREET-U-DEEN; LAWRENCE L. CRAWFORD AKA JONAH GABRIEL JAHJAH T. TISHBITE; ALTON CHISOLM MAURICE BELLAMY, | C/A 9:25-cv-01527-BHH-MHC; 9:24-cv-04660-BHH-MHC; 9:25-cv-01528-BHH-MHC; 9:25-cv-01529-BHH-MHC |
| PLAINTIFFS | |
| Vs. | AFFIDAVIT OF FACTS GIVING JUDICIAL NOTICE; MOTION FOR AN EMERGENCY STAY OF THE PROCEEDINGS AND EXTENSION OF TIME TO RETAIN LEGAL COUNSEL AND MOTION TO MOTION THEREFOR MOTION OF JOININ AND ADOPTING OF THE MOTION |
| THE STATE OF SOUTH CAROLINA; THE UNITED STATES ET. AL., | |
| DEFENDANTS | |

RECEIVED
USDC CLERK. CHARLESTON, SC
2026 OCT 15 A 9:04

IN RE: CASE 9:25-cv-01527-BHH-MHC AND THE OTHER THREE RELATED 1983 CASES.

TO: THE S.C. U.S. DISTRICT COURT,

THE PLAINTIFFS CRAWFORD, CHISOLM AND BELLAMY MOTION TO JOIN IN THIS MOTION WITH YAHDINA OVERSTREET-U-DEEN AND ADOPT IT FOR THEIR PENDING 1983 CASES SEEKING THE SAME RELIEF DUE TO

POTENTIAL SIMILAR AND OR IDENTICAL ORDERS BEING ISSUED IN THE RELATED CASES. FURTHER, THE COURT ISSUED AN ORDER UNDER CASE 9:24-cv-4660-BHH-MHC ASSERTING THAT THE COURT RULED IN A TEXT ORDER ENTERED SEPTEMBER 8, 2026 THAT THE DISTRICT JUDGE DENIED THE MOTION FOR RECONSIDERATION. SUCH A DENIAL WAS ISSUED NOT WEIGHING PROPERLY THE NEW EVIDENCE THAT WAS SUBMITTED IN THIS CASE AFTER THAT RULING OCCURRED. THE PLAINTIFFS TIMELY OBJECT. A RULING BASED UPON NEWLY DISCOVERED EVIDENCE THAT SUPPORT ADDITIONAL REVIEW WAS NEVER PROPERLY DETERMINED BY THE COURT ON THE COURT RECORD.

THE PLAINTIFFS, CURRENTLY PROCEEDING PRO SE, RESPECTFULLY MOVE BEFORE THIS COURT PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(A), THE COURT'S INHERENT AUTHORITY TO MANAGE ITS DOCKET, AND THE DUE PROCESS CLAUSE, FOR AN EMERGENCY TEMPORARY STAY AND OR ABEYANCE OF THE PROCEEDINGS AND AN EXTENSION OF THE OCTOBER 9, 2026 DEADLINE FOR FILING AN AMENDED COMPLAINT THROUGH AND INCLUDING DECEMBER 8, 2026. THIS REQUEST IS MADE BEFORE THE PRESENT DEADLINE EXPIRES. IT IS NOT SOUGHT FOR DELAY. IT IS SOUGHT BECAUSE PLAINTIFFS ARE ACTIVELY ATTEMPTING TO SECURE LICENSED COUNSEL, COUNSEL IN THE FORM OF MS. ATTORNEY TANYA D. JEFFORDS & ASSOCIATES, PC 1431 RICHLAND AVENUE WEST, AIKEN, S.C. 29801, HAS DIRECTED THE PLAINTIFFS TO INITIATE A FORMAL CONSULTATION OCTOBER 7, 2026, AND SEVERAL THRESHOLD MOTIONS THAT MAY MATERIALLY AFFECT THE PARTIES, CLAIMS, PLEADINGS, AND PROPER STRUCTURE OF THIS ACTION REMAINS PENDING DUE TO THE COURT'S SEPTEMBER 8, 2026 RULING NOT ADDRESSING THE NEWLY SUBMITTED EVIDENCE ON THE COURT RECORD. PLAINTIFFS RESPECTFULLY SUBMIT THAT ALLOWING A SHORT, DEFINITE PERIOD FOR COUNSEL TO EVALUATE AND, IF APPROPRIATE, ENTER THE CASE WILL PROMOTE JUDICIAL ECONOMY, PREVENT DUPLICATIVE OR CONTRADICTORY PLEADINGS, PROTECT THE INTEGRITY OF THE RECORD, AND REDUCE RATHER THAN INCREASE THE BURDEN ON THE COURT AND THE OPPOSING PARTIES.

**I. FACTUAL AND PROCEDURAL CIRCUMSTANCES SUPPORTING GOOD CAUSE:**

(1) THIS IS A COMPLEX CIVIL-RIGHTS ACTION BROUGHT

UNDER 42 U.S.C. § 1983 AND BIVENS INVOLVING MULTIPLE PLAINTIFFS AND CLAIMS ARISING FROM CIRCUMSTANCES IN WHICH THE PLAINTIFFS ALLEGE THEY WERE INAPPROPRIATELY SEPARATED.

(2) THE CASE PRESENTS PROCEDURAL AND SUBSTANTIVE ISSUES THAT ARE NOT APPROPRIATELY REDUCED TO A ROUTINE PLEADING AMENDMENT. MULTIPLE CRITICAL MATTERS REMAIN PENDING BEFORE THE COURT, INCLUDING MOTION TO INTERVENE. A MOTION TO CONSOLIDATE, A MOTION TO VACATE THE PRIOR DENIAL OF INTERVENTION/CONSOLIDATION, AND A MOTION FOR THE RECUSAL OF THE PRESIDING MAGISTRATE AND ARTICLE III JUDGE.

(3) THE COURT HAS DIRECTED THE PLAINTIFFS TO FILE AN AMENDED COMPLAINT BY OCTOBER 9, 2026.

(4) PLAINTIFFS HAVE NOT IGNORED THAT DEADLINE. TO THE CONTRARY, PLAINTIFFS HAVE BEEN ACTIVELY AND DILIGENTLY ATTEMPTING TO OBTAIN LEGAL REPRESENTATION SO THAT THIS MULTI-PARTY CIVIL RIGHTS AND BIVENS LITIGATION CAN BE PRESENTED IN A PROCEDURALLY COHERENT AND LEGALLY ADEQUATE FORM.

(5) PLAINTIFFS HAVE SUCCESSFULLY INITIATED CONTACT WITH JEFFORDS & ASSOCIATES LAW FIRM BASED IN ATLANTA GEORGIA AND AIKEN, SOUTH CAROLINA WHO IS LICENSED TO PRACTICE LAW IN SOUTH CAROLINA, INCLUDING BEFORE THE FEDERAL DISTRICT COURT. THE ATTORNEY HAS INSTRUCTED THE PLAINTIFFS TO CONTACT THE OFFICE IMMEDIATELY AFTER OCTOBER 7, 2026, TO SCHEDULE A FORMAL CONSULTATION TO EVALUATE WHETHER THE ATTORNEY WILL TAKE OVER REPRESENTATION OF THIS MATTER.

(6) THUS, THE REQUEST FOR THE ADDITIONAL TIME IS TIED TO A CONCRETE AND IDENTIFIABLE EVENT--NOT AN INDEFINITE HOPE THAT COUNSEL MIGHT EVENTUALLY BECOME AVAILABLE. THE REQUESTED EXTENSION WOULD CARRY THE DEADLINE ONLY FROM OCTOBER 9, 2026, TO DECEMBER 8, 2026.

(7) THE REQUESTED EXTENSION IS THEREFORE LIMITED,

DEFINITE, AND DIRECTLY CONNECTED TO PLAINTIFFS' DOCUMENTED EFFORT TO OBTAIN LEGAL COUNSEL. PLAINTIFFS SEEK TO AVOID HAVING TO FILE A SUBSTANTIAL AMENDED PLEADING IMMEDIATELY BEFORE COUNSEL HAS AN OPPORTUNITY TO EVALUATE THE CASE, ONLY TO HAVE COUNSEL POTENTIALLY REWRITE, SUPERSEDE, OR SUBSTANTIALLY RESTRUCTURE THAT PLEADING SHORTLY THEREAFTER.

**II RULE 6(b)(1)(A) PROVIDES DIRECT BASIS FOR THE REQUEST:**

(8) FEDERAL RULE OF CIVIL PROCEDURE 6(b)(1)(A) EXPRESSLY PERMITS THE COURT, FOR GOOD CAUSE, TO EXTEND A DEADLINE WHEN THE REQUEST IS MADE BEFORE THE ORIGINAL PERIOD EXPIRES.

(9) THIS MOTION IS BEING PRESENTED BEFORE THE OCTOBER 9, 2026 DEADLINE. PLAINTIFFS THEREFORE INVOKE RULE 6(b)(1)(A) STANDARD APPLICABLE TO A PROSPECTIVE EXTENSION RATHER THAN THE MORE DEMANDING STANDARD APPLICABLE AFTER A DEADLINE HAS EXPIRED.

(10) GOOD CAUSE IS INHERENTLY CONTEXTUAL. THE RELEVANT CIRCUMSTANCES HERE INCLUDE PLAINTIFFS' DILIGENCE, THE COMPLEXITY OF THE ACTION, THE EXISTENCE OF MULTIPLE UNRESOLVED THRESHOLD MOTIONS, THE CONCRETE EFFORT ALREADY MADE TO OBTAIN COUNSEL, THE IMMINENT CONSULTATION OPPORTUNITY, THE LIMITED DURATION REQUESTED, AND THE ABSENCE OF ANY IDENTIFIED NEED FOR PLAINTIFFS TO GAIN AN UNFAIR LITIGATION ADVANTAGE.

(11) PLAINTIFFS RESPECTFULLY SUBMIT THAT THESE CIRCUMSTANCES ESTABLISH "GOOD CAUSE" BECAUSE THE REQUESTED EXTENSION IS DESIGNED TO FACILITATE ORDERLY ADJUDICATION RATHER THAN POSTPONE IT.

**III. THE PENDING THRESHOLD MOTIONS MAKE IMMEDIATE AMENDMENT PARTICULARLY INEFFICIENT:**

(12) THE REQUESTED STAY IS ESPECIALLY APPROPRIATE

BECAUSE SEVERAL PENDING MOTIONS MAY EFFECT THE PROCEDURAL ARCHITECTURE OF THE CASE BASED UPON EVIDENCE THAT WAS NOT THE SUBJECT OF THE COURT'S SEPTEMBER 8, 2026 RULING BASED UPON EVIDENCE THAT CLEARLY WAS NOT MADE PART OF THE COURT RECORD AT THAT TIME.

(13) A RULING ON INTERVENTION MAY AFFECT WHO PROPERLY APPEARS AS A PARTY AND WHAT CLAIMS MUST BE PRESENTED.

(14) A RULING ON CONSOLIDATION MAY EFFECT WHETHER CLAIMS PRESENTLY TREATED SEPARATELY SHOULD PROCEED TOGETHER AND HOW THE PLEADINGS SHOULD BE ORGANIZED.

(15) A RULING CONCERNING THE PRIOR DENIAL OF INTERVENTION/CONSOLIDATION MAY ALTER THE POSTURE IN WHICH THE AMENDED PLEADING MUST BE PREPARED.

(16) A RULING ON RECUSAL MAY DETERMINE WHETHER FUTURE PROCEEDINGS WILL BE CONDUCTED BEFORE THE PRESENT JUDICIAL OFFICER(S).

(17) PLAINTIFFS SHOULD NOT BE FORCED TO PREPARE AND FILE A MAJOR AMENDED PLEADING IN A PROCEDURAL POSTURE THAT MAY MATERIALLY CHANGE BEFORE THE DEADLINE FOR THAT PLEADING EXPIRES.

(18) GRANTING A SHORT STAY WHILE THOSE THRESHOLD MATTERS ARE ADDRESSED CAN CONSERVE JUDICIAL RESOURCES. IT CAN PREVENT THE COURT AND OPPOSING PARTIES FROM HAVING TO ANALYZE AN AMENDED PLEADING THAT MAY PROMPTLY BECOME OBSOLETE BECAUSE OF SUBSEQUENT RULINGS CONCERNING PARTY STATUS, CONSOLIDATION, OR JUDICIAL ASSIGNMENT.

IV. THE REQUEST IS SUPPORTED BY THE STRONG POLICY FAVORING A MEANINGFUL OPPORTUNITY TO OBTAIN LEGAL COUNSEL:

(19) PLAINTIFFS RECOGNIZE THAT CIVIL LITIGATION

GENERALLY DO NOT POSSES AN AUTOMATIC CONSTITUTIONAL RIGHT TO APPOINTED COUNSEL. THE FACT THAT THE PLAINTIFFS ARE COVERED BY PROTECTIONS ESTABLISHED UNDER THE AMERICANS WITH DISABILITY ACT WOULD SUPPORT SUCH AS A REASONABLE ACCOMMODATION THAT BEAR ON THE COURT'S DISCRETION WHERE ALL PLAINTIFFS FALL UNDER ADA AND TITLE II PROHIBITS PUBLIC ENTITY FROM DENYING QUALIFIED PERSONS WITH DISABILITY FROM GIVING ACCESS TO ITS SERVICES, PROGRAMS, OR ACTIVITIES (CRAWFORD DISABILITY TO HIS HANDS, OVERSTREET-U-DEEN SPINAL INJURY, BELLAMY DYSLEXIA, CHISOLM TRAUMATIC HEAD INJURY EFFECTING COGNIZANCE) BECAUSE OF DISABILITY. THE DISABILITIES MAKES IT HARDER TO MEET DEADLINES AND REASONABLE MODIFICATION IS NECESSARY TO PROVIDE EQUAL OPPORTUNITY TO PARTICIPATE IN THE JUDICIAL PROCEEDINGS. PLAINTIFFS ARE NOT ASKING THAT THE COURT APPOINT COUNSEL UNDER THE 6TH. AMENDMENT.

(20) THE NARROWER ISSUE PRESENTED IS WHETHER A FEDERAL COURT SHOULD PERMIT A BRIEF, DEFINITE CONTINUANCE WHERE A PRO SE PARTY COVERED UNDER THE AMERICANS WITH DISABILITY ACT, PURSUING PRIVATE RETAINED COUNSEL AND HAS A CONCRETE OPPORTUNITY FOR COUNSEL TO EVALUATE THE CASE BEFORE A MAJOR PLEADING DEADLINE.

(21) THE SUPREME COURT HAS LONG RECOGNIZED THE IMPORTANCE OF A MEANINGFUL OPPORTUNITY TO BE HEARD WITH THE ASSISTANCE OF COUNSEL IN CIRCUMSTANCES WHERE COUNSEL IS LEGALLY AVAILABLE, POWELL v. ALABAMA, 287 U.S. 45, 68-69 (U.S.1932). PLAINTIFFS RELY ON POWELL AS EXPRESSING THE BROADER PROCEDURAL PRINCIPLE THAT A MEANINGFUL OPPORTUNITY TO SECURE REPRESENTATION MAY BE AN IMPORTANT COMPONENT OF A FAIR HEARING, WHILE RECOGNIZING THAT POWELL AROSE IN A CRIMINAL CONTEXT AND DOES NOT ITSELF CREATE A GENERAL SIXTH AMENDMENT RIGHT TO COUNSEL IN CIVIL LITIGATION.

(22) THE FOURTH CIRCUIT RECENT DECISION IN RODRIGUEZ-SOLIS v. BLANCHE, NO. 24-1937 (4th.Cir. MAY 21, 2026), LIKEWISE EMPHASIZES, IN THE IMMIGRATION CONTEXT PRESENTED THERE, THAT A LITIGANT MUST RECEIVE A REASONABLE AND REALISTIC

OPPORTUNITY TO SEEK, SPEAK WITH, AND RETAIN COUNSEL WHERE THE GOVERNING RIGHT TO COUNSEL APPLIES. PLAINTIFFS DO NOT CONTEND THAT RODRIGUEZ-SOLIS CREATES A CATEGORICAL CONSTITUTIONAL RIGHT TO COUNSEL IN CIVIL ACTION. RATHER, THE DECISION IS PERSUASIVE SUPPORT FOR EVALUATING THE PRACTICAL REALITY OF THE OPPORTUNITY TO OBTAIN COUNSEL RATHER THAN TREATING THE PASSAGE OF CALENDAR TIME, STANDING ALONE, AS DISPOSITIVE.

(23) HERE THE PLAINTIFFS HAVE GONE BEYOND MERELY STATING A DESIRE FOR COUNSEL. THEY HAVE IDENTIFIED COUNSEL LICENSED IN SOUTH CAROLINA, ESTABLISHED CONTACT, AND RECEIVED A DIRECTION TO INITIATE A FORMAL CONSULTATION IMMEDIATELY AFTER OCTOBER 7, 2026.

(24) DENYING THE REQUESTED BRIEF EXTENSION COULD THEREFORE PRODUCE THE ANOMALOUS RESULT THAT PLAINTIFFS ARE REQUIRED TO PREPARE A COMPLEX AMENDED PLEADING ONLY DAYS BEFORE A SPECIFICALLY SCHEDULED OPPORTUNITY TO HAVE LICENSED COUNSEL EVALUATE AND POTENTIALLY ASSUME THE LITIGATION.

**V. A TEMPORARY STAY IS WITHIN THE COURT'S INHERENT CASE-MANAGEMENT AUTHORITY:**

(25) A FEDERAL DISTRICT COURT POSSESSES INHERENT AUTHORITY TO CONTROL THE DISPOSITION OF CASES ON ITS DOCKET AND TO STAY PROCEEDINGS WHEN DOING SO SERVES JUDICIAL ECONOMY AND FAIRNESS, LANDIS v. NORTH AMERICAN CO., 299 U.S. 248, 254-57 (U.S.1936).

(26) LANDIS CAUTIONS THAT A STAY SHOULD BE REASONABLE IN DURATION AND NOT OPPRESSIVE. THE STAY REQUESTED HERE SATISFIES THAT PRINCIPLE BECAUSE PLAINTIFFS SEEK A SHORT, DEFINITIVE PERIOD ENDING DECEMBER 8, 2026.

(27) THE STAY WOULD NOT REQUIRE AN INDEFINITE SUSPENSION OF THE CASES. IT WOULD ESTABLISH A CLEAR DATE BY WHICH

PLAINTIFFS MUST PROCEED WITH THE AMENDED PLEADING UNLESS COUNSEL HAS ENTERED AN APPEARANCE OR THE COURT ORDERS OTHERWISE.

(29) THE PRACTICAL EFFECT IS TO EXCHANGE POTENTIALLY DUPLICATIVE LITIGATION ACTIVELY NOW FOR A MORE ORDERLY PLEADING PROCESS LATER.

**VI. PLAINTIFFS HAVE ACTED DILIGENTLY, AND THE REQUEST IN NOT MADE FOR PURPOSES OF DELAY:**

(30) PLAINTIFFS HAVE A SPECIFIC DEADLINE AND ARE SEEKING RELIEF BEFORE THAT DEADLINE.

(31) PLAINTIFFS HAVE UNDERTAKEN CONCRETE EFFORTS TO SECURE REPRESENTATION RATHER THAN WAITING PASSIVELY.

(32) THE PROSPECTIVE CONSULTATION WITH SOUTH CAROLINA-LICENSED COUNSEL IS A MATERIAL DEVELOPMENT THAT COULD SUBSTANTIALLY IMPROVE THE CLARITY, ORGANIZATION, AND LEGAL SUFFICIENCY OF THE AMENDED PLEADING.

(33) THE REQUESTED SIXTY-DAY EXTENSION IS FINITE AND CORRESPONDS TO THE NEED TO COMPLETE CONSULTATION, DETERMINE WHETHER REPRESENTATION WILL BE UNDERTAKEN, AND, IF SO, ALLOW COUNSEL A REASONABLE OPPORTUNITY TO REVIEW THE RECORD AND PREPARE AN APPROPRIATE PLEADING.

(34) PLAINTIFFS RESPECTFULLY SUBMIT THAT THIS IS THE OPPOSITE OF DILATORY CONDUCT. IT IS AN EFFORT TO RESOLVE REPRESENTATION AND PLEADING ISSUES IN AN ORDERLY MANNER BEFORE THE COURT AND PARTIES INCUR THE ADDITIONAL BURDEN OF LITIGATING OVER AN AVOIDABLY INCOMPLETE AND SUBSEQUENTLY SUPERSEDED PLEADING.

**VII. THE BALANCE OF PREJUDICE FAVORS A SHORT EXTENSION:**

(35) THE PRINCIPLE POTENTIAL PREJUDICE TO PLAINTIFFS FROM DENIAL IS SUBSTANTIAL: PLAINTIFFS MAY BE REQUIRED TO FILE A COMPLEX AMENDED COMPLAINT WITHOUT THE BENEFIT OF COUNSEL THAT THEY HAVE ALREADY TAKEN CONCRETE STEPS TO RETAIN, WHILE SEVERAL THRESHOLD MOTIONS REMAIN UNRESOLVED BASED UPON NEW EVIDENCE THAT WAS NOT ADJUDICATED IN THE SEPTEMBER 8, 2026 DETERMINATION THE MAGISTRATE JUDGE RELIES UPON THAT WOULD JUSTIFY THE ADDITIONAL REVIEW.

(36) BY CONTRACT, THE REQUESTED RELIEF IS TEMPORARY AND DEFINITE. THE EXTENSION DOES NOT SEEK DISMISSAL OF ANY OPPOSING CLAIM, ALTERATION OF ANY SUBSTANTIVE RIGHT, OR INDEFINITE POSTPONEMENT OF THE ACTION.

(37) ANY INCONVENIENCE TO OPPOSING PARTIES FROM A SIXTY-DAY EXTENSION CAN BE MINIMIZED BY A FIRM NEW DEADLINE, WHEREAS REQUIRING AN IMMEDIATE PLEADING FOLLOWED BY A LIKELY ATTORNEY REVISION CAN GENERATE ADDITIONAL MOTIONS, AMENDMENTS, RESPONSES, AND JUDICIAL WORK.

(38) THE COURT'S INTEREST IN EFFICIENT DOCKET MANAGEMENT IS THEREFORE SERVED BY ALLOWING THE CASE TO PROCEED IN A STABLE PROCEDURAL POSTURE RATHER THAN REQUIRING SUCCESSIVE PLEADINGS WHILE THRESHOLD MATTERS REMAIN UNRESOLVED.

**VIII. ALTERNATIVE RELIEF SHOULD BE GRANTED IF THE COURT DECLINES A COMPLETE STAY:**

(39) PLAINTIFFS RESPECTFULLY REQUEST THE FULL STAY DESCRIBED ABOVE. HOWEVER, IF THE COURT DETERMINES THAT A COMPLETE STAY OF ALL PROCEEDINGS IS UNNECESSARY, PLAINTIFFS ALTERNATIVELY REQUEST THAT THE COURT STAY ONLY THE OCTOBER 9, 2026 AMENDED-COMPLAINT DEADLINE AND ALL PROCEEDINGS DIRECTLY DEPENDENT UPON THAT PLEADING.

(40) IN THE ALTERNATIVE, PLAINTIFFS REQUEST THAT

THE COURT EXTEND THE AMENDED-COMPLAINT DEADLINE TO DECEMBER 8, 2026, WITHOUT STAYING UNRELATED ADMINISTRATIVE MATTERS OR PROCEEDINGS THAT THE COURT DETERMINES CAN PROCEED WITHOUT PREJUDICE.

(41) THIS ALTERNATIVE REQUEST DEMONSTRATES THAT PLAINTIFFS SEEK THE MINIMUM RELIEF NECESSARY PENDING COUNSEL-RETENTION PROCESS AND THE ORDERLY PREPARATION OF THE AMENDED PLEADING.

## IX. REQUEST FOR RELIEF:

**WHEREFORE,** PLAINTIFFS RESPECTFULLY REQUEST THAT THIS COURT:

(A) **FIND** THAT PLAINTIFFS HAVE DEMONSTRATED GOOD CAUSE UNDER FEDERAL RULE OF CIVIL PROCEDURE RULE 6(b)(1)(A);

(B) **ENTER** AN EMERGENCY TEMPORARY STAY OF PROCEEDINGS THROUGH DECEMBER 8, 2026, OR FOR SUCH SHORTER PERIOD AS THE COURT DEEMS APPROPRIATE;

(C) **EXTEND** THE OCTOBER 9, 2026 DEADLINE FOR FILING THE AMENDED COMPLAINT TO DECEMBER 8, 2026;

(D) **PERMIT** PLAINTIFFS THE INTERVENING PERIOD TO COMPLETE THE SCHEDULED CONSULTATION WITH ATTORNEY TANYA JEFFORDS & ASSOCIATES SOUTH CAROLINA-LICENSED COUNSEL AND DETERMINE WHETHER COUNSEL WILL ENTER AN APPEARANCE;

(E) **IF** THE COURT DECLINES TO STAY ALL PROCEEDINGS, AT MINIMUM **STAY** THE OCTOBER 9, 2026 AMENDED-COMPLAINT DEADLINE AND PROCEEDINGS DEPENDENT UPON THAT PLEADING UNTIL DECEMBER 8, 2026; AND

(F) GRANT SUCH OTHER AND FURTHER RELIEF AS THE COURT DEEMS JUST, FAIR AND PROPER TO SECURE THE ORDERLY AND FAIR

ADMINISTRATION OF THIS ACTION.

RESPECTFULLY,

YAHDINA OVERSTREET-U-DEEN

ALTON CHISOLM

JONAH THE TISHBITE

MAURICE BELLAMY

OCTOBER 5, 2026