UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Lawrence L. Crawford, *also known as Jonah Gabriel Jahjah T. Tishbite*;<br><br>Plaintiff,<br><br>v.<br><br>S.C. Attorney General,<br>The State of South Carolina,<br>The S.C. Dept of Corrections,<br>The S.C.D.C. General Counsel,<br>Bryan Stirling,<br>The S.C.D.C. Director of Medical,<br>Warden James, A.W. Smith, A.W. McDuffy,<br>Major Meeks, Sgt. Crowley, Nurse Miller,<br>Warden Stonebreaker,<br>The United States Congress,<br>The Catholic Arch Diocese and The Pope,<br>Mr. Lawrenz, The Well Path Center,<br>The 194 Member States of the United Nations, The County of Richland SC,<br>The County of Kershaw, The County of Horry, Adair F. Buroughs, The United States Senate,<br><br>Defendants. | C/A No. 9:24-cv-04660-BHH-MHC<br><br>**REPORT AND RECOMMENDATION** |

This action was filed by pro se Plaintiff Lawrence L. Crawford, also known as Jonah Gabriel Jahjah T. Tishbite. Under 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.), pretrial proceedings in this action have been referred to the assigned United States Magistrate Judge.

This case was originally filed by Plaintiff and three other plaintiffs. On March 10, 2025, the Court issued an Order (ECF No. 12) directing the Clerk of Court to terminate the three other plaintiffs in this case, and to assign separate civil action numbers to the other plaintiffs.[1]

[1] Thus, Plaintiff Crawford is the sole plaintiff in this case.

In a Proper Form Order dated March 19, 2025, Plaintiff was directed to bring his case into proper form by providing the documents listed in the Proper Form Order. ECF No. 15. The time for him to bring his case into proper form was extended until May 13, 2025. ECF No. 20. Plaintiff failed to provide the necessary documents to bring his case into proper form within the extended time provided. [2] On July 29, 2026, a Second Proper Form Order was issued, directing Plaintiff to bring his case into proper form within twenty-one days.[3] ECF No. 57. The deadline (including three additional days for mailing) for Plaintiff to bring his case into proper form was August 24, 2026. Plaintiff failed to bring his case into proper form within the time provided.[4]

---

[2] Plaintiff filed a notice of appeal on May 28, 2025. ECF No. 29. The District Judge stayed the case pending the Fourth Circuit's consideration of Plaintiff's appeal. ECF No. 36. On July 24, 2026, the Fourth Circuit Court of Appeals issued a mandate dismissing Plaintiff's appeal. ECF No. 56. On August 18, 2026, the Fourth Circuit denied Plaintiff's motions for rehearing, rehearing en banc, and to recall the mandate. S*ee Crawford v. S.C. Attorney Genera*l, No. 25-6598 (4th Cir.), Doc. No. 35.

[3] The items necessary for Plaintiff to bring his case into proper form include a signed and completed Complaint Form listing only Plaintiff's own claims, payment of the filing fee or submission of a completed and signed Form AO-240 if Plaintiff believes he is indigent, a completed summons form listing the names and addresses for service of all named Defendants, and a completed and a signed Form USM-285 for each Defendant. Blank forms were mailed to Plaintiff with the Proper Form Order, and he was warned that this case might be dismissed under Rule 41(b) if he did not provide the necessary items. Blank forms were again mailed to Plaintiff with the Second Proper Form Order, and he was again warned that his case might be dismissed pursuant to Rule 41(b) if he failed to provide the necessary proper form items.

[4] Even if the cases had not been separated, it is noted that the original case (filed by the four plaintiffs) was not in proper form at the time it was filed (or thereafter) because the plaintiffs did not pay the filing fee or submit completed and signed Forms AO-240, they did not provide completed summons forms, and they did not provide completed and signed Forms USM-285 for each named defendant.

On August 28, 2026, Plaintiff filed a motion to stay the compliance orders.[5] ECF No. 64. On September 4, 2026, Plaintiff filed a motion (ECF No. 65) asking the District Judge to reconsider a ruling entered August 18, 2026 (ECF No. 61). In a text order entered September 8, 2026, the District Judge denied the motion to stay (ECF No. 64) and the motion for reconsideration (ECF No. 65). ECF No. 67. On September 18, 2026, Plaintiff filed a notice and a signed copy of one of his earlier filings (46-1). ECF No. 69. In an order entered September 25, 2026, the time for Plaintiff to bring his case into proper form was extended until October 9, 2026. ECF No. 70.

Plaintiff filed a Motion to Stay on October 15, 2026, in which he requests that this action be stayed until December 8, 2026, to allow him time to obtain counsel. He states he is attempting to secure counsel and asserts that Attorney Tanya D. Jeffords directed him to initiate a formal consultation after October 7, 2026. ECF No. 73.

Here, Plaintiff has had over eighteen months to obtain counsel and has not done so. Accordingly, **it is recommended that Plaintiff's Motion to Stay (ECF No. 73) be DENIED as to Plaintiff's request that this action be fully stayed while he attempts to obtain counsel. However, if counsel files a notice of appearance for Plaintiff on or before December 8, 2026, it is recommended that this action be returned to the undersigned for further proceedings.**

Otherwise, the undersigned notes that the extended time to bring this case into proper form has now lapsed, and, despite multiple opportunities over a lengthy period of time, Plaintiff has failed to provide the required documents to bring his case into proper form. Plaintiff has had over eighteen months to bring his case into proper form and has provided none of the documents necessary to bring his case into proper form. Based on the foregoing, it is recommended that this

[5] Plaintiff appears to refer to the Proper Form Orders as compliance orders.

action be **dismissed**, **without prejudice**, in accordance with Rule 41(b) of the Federal Rules of Civil Procedure, unless, as noted above, counsel files a notice of appearance by December 8, 2026. *See Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Ballard v. Carlson*, 882 F.2d 93, 95-96 (4th Cir. 1989), *cert. denied sub nom, Ballard v. Volunteers of America*, 493 U.S. 1084 (1990) (noting that magistrate's prior explicit warning that a recommendation of dismissal would result from the plaintiff failing to obey order was proper grounds for the district court to dismiss suit when the plaintiff did not comply despite warning).[6]

**The Clerk shall mail this Report and Recommendation to Plaintiff at his last known address.**

**The parties are also referred to the Notice Page attached hereto.**

Molly H. Cherry
United States Magistrate Judge

October 21, 2026
Charleston, South Carolina

[6] After a litigant has received one explicit warning as to the consequences of failing to timely comply with an order of a Magistrate Judge, and has failed to respond to that order, the district court may, under Fed. R. Civ. P. 41(b), dismiss the complaint based upon the litigant's failure to comply with that court order. *See Simpson v. Welch*, 900 F.2d 33, 35-36 (4th Cir. 1990); *see also Ballard*, 882 F.2d at 95-96 (holding that district court's dismissal following an explicit and reasonable warning was not an abuse of discretion).

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).